UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARNELL RUSH #267008,

    Plaintiff,

                                              Case No. 2:18-CV-23

v.

                                              HON. GORDON J. QUIST

S. L. NEWCOMB,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint against Defendant pursuant to 42 U.S.C. § 1983. Plaintiff alleged two claims: (1) that Defendant retaliated against him in violation of the First Amendment after Plaintiff filed a grievance against Defendant; and (2) that Defendant violated Plaintiff's Eighth Amendment rights by making derogatory statements to third parties, which resulted in Plaintiff being placed in administrative segregation and being "taunted, dehumanized, and discredited." (ECF No. 18 at PageID.135.) Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. (ECF No. 8.) Plaintiff responded to the motion. (ECF No. 18.)

On May 24, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) recommending that the Court grant Defendant's motion and dismiss Plaintiff's complaint for lack of exhaustion. (ECF No. 26.) In his R & R, the magistrate judge identified two grievances, Grievance No. URF-16-04-1546-17A (17A Grievance), and Grievance No. URF-16-05-1829-27A (27A Grievance). (ECF No. 26 at PageID.212–214.) The magistrate judge concluded that the 17A Grievance could not have exhausted Plaintiff's claim because that grievance served as Plaintiff's protected conduct for his retaliation claim. (*Id.* at PageID.221–22.) As for the 27A Grievance, the magistrate judge concluded that this grievance—which asserted a non-grievable complaint that

Defendant issued the April 28, 2016, misconduct ticket in retaliation for Plaintiff's prior grievance activity—could not have exhausted Plaintiff's retaliation claim because Plaintiff was required to raise the issue of a retaliatory misconduct ticket during the misconduct hearing on the April 28, 2016, misconduct ticket. (*Id.* at PageID.222.) The magistrate judge noted that because Plaintiff never raised his retaliation claim in the misconduct hearing, he was required to file a motion for application for rehearing of the misconduct conviction in order to properly exhaust his claim. (*Id.* at ECF No. 222–23 (citing M.C.L. § 791.255(1)).)

Plaintiff has filed an objection to the R & R, arguing that the magistrate judge erroneously concluded that Plaintiff failed to exhaust his administrative remedies. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff first argues that because the misconduct hearing decision was already final when Plaintiff filed the 27A Grievance, he was not bound to move to reopen the misconduct hearing in order to exhaust his administrative remedies. The Court disagrees. Filing a motion or application for rehearing was not, in Plaintiff's words, "optional," at least not if Plaintiff sought to properly exhaust his administrative remedies. Citing, among other things, this Court's previous order in *Parker v. Gainer*, No. 1:16-CV-1302 (W.D. Mich.) (ECF No. 67), the magistrate judge concluded that a prisoner fails to exhaust his administrative remedies by not asserting in a misconduct hearing his claim that the misconduct ticket was retaliatory. Because Plaintiff pled guilty to the misconduct and waived his hearing, (ECF No. 9-4 at PageID.107), Plaintiff failed to raise retaliation in the misconduct hearing and, thus, was required to seek rehearing in order to exhaust his claim. Because

2

Plaintiff failed to move to reopen the misconduct hearing, he did not exhaust his retaliatory-misconduct ticket claim.

Plaintiff next argues that he raised the retaliation hearing with regard to the April 28, 2016, ticket, but the record indicates otherwise. The misconduct report shows that Plaintiff waived a hearing and pled guilty to the charges. (ECF No. 9-4 at PageID.107.) There is no indication that Plaintiff raised this argument before the magistrate judge, and Plaintiff fails to offer an affidavit or other admissible evidence to support this assertion, which is plainly contradicted by the misconduct report.

Plaintiff's remaining arguments provide no basis for rejecting the R & R.[1] Because the record shows that Plaintiff failed to properly exhaust any of this other claims, the magistrate judge properly recommended that the Court grant Defendant's motion.

Therefore,

**IT IS HEREBY ORDERED** that the May 24, 2019, Report and Recommendation (ECF No. 26) is **ADOPTED** as the Opinion of this Court. Plaintiff's Objection (ECF No. 30) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 8) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.

Dated: August 8, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also refers to a May 8, 2016, misconduct ticket and a negative work report that Defendant wrote after Plaintiff filed the 27A grievance. (ECF No. 30 at PageID.232.) However, there is no indication that Plaintiff exhausted a retaliation claim as to the May 8, 2016, misconduct by raising the issue in a misconduct hearing, nor is there any evidence that Plaintiff filed a grievance pertaining to the negative work report.